Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff Midnight Rider, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIDNIGHT RIDER, INC., a California Corporation<br><br>Plaintiff,<br><br>v.<br><br>FOREVER 21, INC., a Delaware Corporation; PROJECT 28 CLOTHING, a New York Limited Liability Company; and DOES 1 – 10 inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>1. Federal Trademark Infringement and Counterfeiting (15 U.S.C. § 1114, et seq;<br>2. Federal Unfair Competition, 15 U.S.C. § 1125 et seq.<br>3. Common Law Trademark Infringement;<br>4. Unfair Competition & Passing Off (Cal. Bus. & Prof. Code § 17200 and Cal. Civ. Code § 1770);<br>5. Injury to Business Reputation and Dilution (Cal. Bus. & Prof. Code § 14247);<br><br>**JURY TRIAL DEMANDED** |

      Plaintiff Midnight Rider, Inc. ("Midnight Rider"), by and through its undersigned attorneys, complains and alleges against defendants Forever 21, Inc. and Project 28 Clothing, LLC as follows:

## NATURE OF THE ACTION

    1.    Midnight Rider seeks injunctive relief and damages for acts of trademark infringement, false designation of origin and unfair competition engaged

1

COMPLAINT

in by Defendants Forever 21, Inc., Project 28 Clothing, LLC, and DOES 1 – 10 (collectively, "Defendants") in violation of the laws of the United States and the State of California.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the subject matter of this action pursuant to Sections 39 of the Lanham Act (15 U.S.C. § 1121), and 28 U.S.C. §§1331, 1332, and 1338, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Midnight Rider's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq., and substantial and related claims under the statutory and common law of the State of California.

3. The Court has personal jurisdiction over Defendants because Defendants' are doing business in the State of California and this judicial district; Defendants purposefully availed themselves of the privileges of conducting business in the State of California and this judicial district; Defendants regularly conduct business within the State of California and this judicial district; and Midnight Rider's causes of action arise from Defendants' activities in the State of California and this judicial district.

4. Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391(b), because Defendants are subject to personal jurisdiction within this judicial district, and the events giving rise to these claims occurred within this judicial district.

## THE PARTIES

5. Midnight Rider is a corporation organized and existing under the laws of the State of California, having its principal place of business at 1286 West Sunset Boulevard, Los Angeles, California 90026.

6. Upon information and belief, Defendant Forever 21 is a corporation organized and existing under the laws of the State of Delaware, having its principal

1 place of business at 3880 North Mission Road, Room 3030, Los Angeles, California 90031.

7. Upon information and belief, Defendant Project 28 Clothing, LLC is a limited liability company organized and existing under the laws of the State of New York, having its principal place of business at 1407 Broadway, 29th Floor, New York, New York and are doing business in and with the State of California.

8. Upon information and belief, Defendants DOES 1-10, inclusive, are other parties not yet identified who have infringed Midnight Rider's trademark, engaged in unfair competition, or engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Midnight Rider's rights and the damages to Midnight Rider proximately caused thereby.

## MIDNIGHT RIDER BRAND AND TRADEMARKS

10. Midnight Rider is the owner, and the sole and exclusive licensor and distributor, of high-quality products and services sold and offered for sale under the Midnight Rider trademark. Midnight Rider is a nationally renowned clothing brand that has gained national acclaim through its partnerships with retail stores

like Urban Outfitters, Tilly's, and Planet Blue.

11. Midnight Rider has been operating under that name since 2011, selling high-end graphic t-shirts and other apparel throughout the United States, and in particular in and around California, under the Midnight Rider trademark (hereinafter "the Mark"). Today the Mark is synonymous with quality graphic t-shirts and garments and consumers and the trade instantly identify Midnight Rider as the source of product bearing the Mark.

12. For at least two and half years prior to any date of priority upon which Defendants can rely, Midnight Rider adopted and has continuously used the Mark in connection with high quality graphic t-shirts and other garments. Accordingly, Midnight Rider owns longstanding common law trademark rights and has engaged in continuous use of the Mark since at least as early as December 2013, to the present. Examples of the use of the Mark in the marketplace are attached hereto as Exhibit A.

13. Midnight Rider owns the Federal Trademark Registration No. 4442951 for the mark "Midnight Rider," covering clothing, including t-shirts, sweat shirts, sweaters and tank tops.

14. Product sold under the Mark have been extensively advertised and promoted. Consumers have been exposed to the Mark through features in widely read national online magazines including Paste Magazine, Racked, and Galore Magazine, online advertisements, and through social media.

15. Midnight Rider always endeavors to maintain the prestige and reputation for quality associated with the Mark. Strict quality control standards are imposed in the manufacture of all products bearing the Mark. Midnight Rider's painstaking adherence to only the highest quality standards has resulted in widespread and favorable public acceptance among consumers for product bearing the Mark.

16. As a result of the advertising and promotion, sales success and adherence to the highest quality standards, the Mark is widely-recognized by consumers and the trade, immediately identifying Midnight Rider as the exclusive source of the product to which the Mark is affixed, and signifying goodwill of incalculable value.

## DEFENDANTS' ACTS OF INFRINGEMENT AND UNFAIR COMPETITION

17. Upon information and belief, Defendant Forever 21 owns and operates over six hundred stores across the United States specializing in "fast fashion," or low-quality clothing produced in mass quantities, with a short shelf-life, and sold at a low price-point. Forever 21 is also known to consumers for its collaborations with other brands or artists including without limitation, Hello Kitty, Disney, Alec Monopoly and Ron Bass.

18. Prior to the acts of infringement, counterfeiting and unfair competition alleged herein, Forever 21's Product Developer, Diana Pena, met Midnight Rider representative Stacy Herfindal at MAGIC, a bi-annual fashion and apparel convention in Las Vegas, in August 2015. On October 16, 2015, Pena emailed Herfindal about ordering branded Midnight Rider product to be sold in Forever 21, requesting a line sheet of all Midnight Rider's styles along with cost information. Ultimately, Midnight Rider declined the invitation to work with Forever 21.

19. Thereafter, on or about June of 2016, Midnight Rider discovered that Forever 21 was selling garments bearing unauthorized and counterfeit versions of the Mark – not only did Forever 21 use copies of the Mark but the garments bearing the copies of the Mark were distinctly similar in style and substance to those garments sold by Midnight Rider (the "Infringing Product"). True and correct copies of exemplars of Infringing Product are attached hereto as Exhibit B.

20. Midnight Rider subsequently learned that Defendant Project 28 Clothing manufactured and imported certain items of Infringing Product and sold said product to Forever 21.

21. On June 27, 2016, Midnight Rider sent a letter to Defendants demonstrating its prior uses and rights in the Mark, and demanding that Forever 21 cease selling the Infringing Products. On July 12, 2016, Forever 21 acknowledged receipt of Midnight Rider's cease and desist letter, but refused to cease selling the Infringing Product.

22. Defendants are marketing and providing the Infringing Products in the same channels of trade as Midnight Rider. Midnight Rider owns and operates an online boutique, and partners with many other online and brick and mortar stores and boutiques, wherein its products are sold.

23. Defendants' use of the Infringing Mark has caused, and will continue to cause, confusion in the marketplace, harm to the business reputation and goodwill of the Mark and to Midnight Rider and damage to Midnight Rider's business relations with consumers and prospective consumers for its products.

## FIRST CLAIM FOR RELIEF

**(Trademark Infringement and Counterfeiting Under 15 U.S.C. § 1114(1) - Against All Defendants, and Each)**

24. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

25. Midnight Rider is the owner of the valid, distinctive Mark as to, *inter alia*, men's and women's clothing products. Midnight Rider has been using the Mark in commerce continuously since 2011 and through its promotion and publicity it has acquired secondary meaning. The Mark is strong and well known and is entitled to a broad scope of protection.

26. The level of recognition that Midnight Rider has amongst the segment of society to whom Defendants sell and market graphic t-shirts and products is high; which is believed to be the reason Defendants have adopted the Mark on their Infringing Products.

27. Defendants' use of the Infringing Mark in connection with clothing articles is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association with Midnight Rider, or as to the origin, sponsorship or approval of Defendants' goods and services. Defendants' use of "Midnight Rider" has not been authorized by Plaintiff. Consumers, including Defendants' customers, are likely to believe that their sales of Infringing Products indicate an affiliation, connection, association with, and/or sponsorship or approval of Midnight Rider.

28. Defendant's conduct constitutes trademark infringement and counterfeiting in violation of Section 32 of the Federal Trademark Act, 15 U.S.C. § 1114.

29. As a result of Defendants' infringement and counterfeiting, Midnight Rider has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's infringing acts, Midnight Rider has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' infringing acts, Midnight Rider will continue to suffer a risk of irreparable harm.

30. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

31. On information and belief, Defendants' infringing and counterfeiting acts have been knowing, intentional, wanton, and willful, entitling Midnight Rider to treble damages, profits, attorneys fees, and costs pursuant to 15 U.S.C. § 1117.

32. Defendants' acts have damaged and will continue to damage Midnight Rider, and Midnight Rider has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Mark, Midnight Rider will suffer irreparable harm.

## SECOND CLAIM FOR RELIEF

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125 – Against All Defendants, And Each)**

33. Midnight Rider repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

34. Defendants' use of the Infringing Mark and other designations and indicia is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, association or affiliation of products bearing the Infringing Mark, and is intended, and is likely to cause such parties to believe in error that the products bearing the Infringing Mark have been authorized, sponsored, approved, endorsed or licensed by Midnight Rider, or that Defendants are in some way affiliated with Midnight Rider, and misrepresents the nature, characteristics, qualities, of their goods, services, and commercial activities, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. Defendants' aforesaid unauthorized use of the Infringing Mark falsely suggest that they are associated with Midnight Rider in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Defendants' aforesaid unauthorized use of the Infringing Mark throughout their marketing causes consumers to think that Defendants are affiliated with or sponsored by Midnight Rider, or vice versa, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

38. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

39. Defendants' acts have damaged and will continue to damage Midnight Rider, and Midnight Rider has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the mark Midnight Rider, Midnight Rider will suffer irreparable harm.

## THIRD CLAIM FOR RELIEF

**(Common Law Trademark Infringement - Against All Defendants, and Each)**

40. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

41. Midnight Rider owns all right, title, and interest in and to the distinctive Midnight Rider trademark and trade name, including all common law rights.

42. The aforesaid acts of Defendants constitute trademark and trade name infringement in violation of the common law of the State of California.

43. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

44. Upon information and belief, Defendants intend to continue their willfully infringing acts unless restrained by this Court.

45. Defendants' acts have damaged and will continue to damage Midnight Rider, and Midnight Rider has no adequate remedy at law. Unless Defendants are permanently enjoined from their unlawful use of the Mark, Midnight Rider will suffer irreparable harm.

## FOURTH CLAIM FOR RELIEF

**(Unfair Competition, Passing Off in Violation of California Civil Code 1770 and California Business and Professions Code Section 17200 – Against All Defendants, and Each)**

46. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

47. Upon information and belief, Defendants have willfully and knowingly sold the Infringing Product as the goods of Midnight Rider, or at a minimum, have sold confusingly similar products, in an attempt to exploit Midnight Rider's market reputation.

48. As a result of Defendants' unfair competition, Midnight Rider has been injured in an amount not yet fully determined, but believed to be in excess of $75,000, exclusive of costs and interests. In addition, as a result of Defendant's unfair competition, Midnight Rider has suffered and will continue to suffer irreparable harm, and it has no adequate remedy at law with respect to this injury. Unless this Court enjoins Defendants' unfair competition, Midnight Rider will continue to suffer a risk of irreparable harm.

49. Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled.

## FIFTH CLAIM FOR RELIEF

**(Injury to Business Reputation and Dilution in Violation of California Business and Professions Code Section 14247 – Against All Defendants, and Each)**

50. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs, inclusive, of this Complaint.

51. On information and belief, Midnight Rider alleges that the Mark is unique and famous and had achieved such status in California prior to the acts complained of herein.

52. Defendants' unauthorized use of the Mark through acts including, but not limited to, its manufacturing and selling of Infringing Products, is likely to injure Plaintiff's business, and has diluted, and/or is likely to dilute, the distinctive quality of the Mark in violation of California Business and Professions Code Section 14247.

53. Defendants willfully intended to trade on Plaintiff's distinctive style, image, and reputation to dilute the Mark, acted with reason to know, or were willfully blind as to the consequences of its actions.

54. Defendants' wrongful acts have caused and will continue to cause Plaintiff irreparable harm. Plaintiff has no adequate remedy at law for Defendants' dilution.

55. Plaintiff is therefore entitled to a judgment enjoining and restraining Defendants from engaging in further acts of dilution pursuant to California Business and Professions Code Section 14247 and any applicable Federal Statute.

## **PRAYER FOR RELIEF**

WHEREFORE, Midnight Rider demands judgment against Defendants as follows:

1. Entering Judgment for Midnight Rider on each of its claims;

2. Awarding Midnight Rider such damages as it has sustained or will sustain as a result of Defendants', and each, acts of trademark infringement, counterfeiting and unfair competition and that such claims be trebled pursuant to 15 U.S.C. § 1117, including statutory damages.

3. An order directing that Defendants, and each, account to and pay over to Midnight Rider all profits realized by their wrongful acts and directing that such

profits be trebled in accordance with Section 35 of the Lanham Act, 15 U.S.C. § 1117;

4. An award of actual damages sustained by Midnight Rider;

5. That Midnight Rider be awarded its attorneys' fees as available under 15 U.S.C. § 1117;

6. An injunction against continued infringement of Midnight Rider's Mark pursuant to 15 U.S.C. § 1116, and the unfair competition provisions;

7. An injunction against continued infringement of Midnight Rider's Mark pursuant to Cal. Bus. & Prof. Code §§ 14247;

8. An injunction against unfair competition pursuant to Cal. Bus. & Prof. Code § 17203;

9. An order directing Defendants, and each, to file with the court and serve on Midnight Rider a report setting forth an accounting and the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116;

10. That Midnight Rider be awarded pre-judgment interest as allowed by law;

11. That Midnight Rider be awarded the costs of this action;

12. That Midnight Rider be awarded treble damages and/or punitive damages in an amount sufficient to deter and punish Defendants, and each, on account of their willful violation of Federal, California, and common law;

13. A declaration that this case is an exceptional case within the meaning of 15 U.S.C. § 1117;

14. That Midnight Rider be awarded such further legal and equitable relief as the Court deems proper;

15. Awarding Midnight Rider costs and attorney's fees and investigatory fees and expenses to the full extent provided for by Section 35 of the Lanham Act, 15 U.S.C. § 1117;

16. An order requiring Defendants, and each, to deliver to Midnight Rider for destruction or other disposition all remaining Infringing Product, including all advertising, promotional and marketing materials therefor, as well as all means of making the same pursuant to 15 U.S.C. § 1118;

17. Awarding Midnight Rider pre-judgment interest on any monetary award made part of the judgment against Defendants;

18. Awarding Midnight Rider such additional and further relief as the Court deems just and proper.

## JURY DEMAND

Midnight Rider demands a trial by jury.

Respectfully submitted,

Dated: December 13, 2016     By:    */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
David R. Shein, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
Midnight Rider, Inc.